UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-CR-252(4) WMW/HB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LESLIE MARIE CLOUD

        Defendant,

**ORDER OF DETENTION**

This matter came before the Court on December 17, 2021 for an initial appearance on a Petition for Action on Conditions of Pretrial Release. (ECF 145.) The defendant Leslie Marie Cloud appeared by videoconference. After being advised by the Court that the proceeding could be conducted in-person in court if she wished, Ms. Cloud consented to the hearing being conducted by videoconference. Ms. Cloud was represented by her attorney, Patrick Cotter. The United States was represented by Assistant United States Attorney Nathan Nelson.

On November 4, 2020, defendant was charged in an Indictment with one count of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). (ECF 1.) Ms. Cloud appeared on the Indictment and was released on conditions pending trial. (ECF 25.)

On April 23, 2021, Ms. Cloud pleaded guilty as charged in the Indictment pursuant to a plea agreement with the United States. (ECF 140-41.) At the conclusion of the plea hearing, the United States noted that the mandatory detention provisions of 18 U.S.C. §

3143(a)(2) applied, but also noted that the government had no objection to Ms. Cloud's continued release on conditions based on certain exceptional circumstances including her success in inpatient drug treatment. The Court therefore ordered Ms. Cloud released on the same conditions previously ordered. (ECF 140.)

The current Petition for Action on Conditions of Pretrial Release alleges that, on May 3, 2021, Ms. Cloud completed inpatient drug treatment and was admitted to outpatient treatment with lodging at Nivon Wellness Center LLC in Saint Paul. (ECF 145.) On May 5, 2021, following an approved pass, she failed to return to or contact Nivon and was unsuccessfully discharged from the program. (*Id.*) Pretrial Services attempted to reestablish contact with Ms. Cloud, but without success. (*Id.*) Ms. Cloud failed to report to probation as instructed, and her whereabouts were unknown until her arrest in late October 2021. (*Id.*; ECF 221, 228.)

At the December 17, 2021 initial appearance, Ms. Cloud waived her right to a hearing on the Petition for Action on Conditions of Pretrial Release and consented to the Court finding that she violated the conditions of her release. Based on that waiver, and the contents of the Petition for Action on Conditions of Pretrial Release, the Court finds by clear and convincing evidence that Ms. Cloud violated the conditions of her release as alleged in the Petition. 18 U.S.C. § 3148(b)(1)(B).

The Court also finds that defendant's conditional release should be revoked and she should be detained pending sentencing in this case. Ms. Cloud violated her conditions by absconding from treatment, and her whereabouts were unknown for almost six months.

During the period of her absence, she missed her previously scheduled sentencing hearing, which had to be cancelled by the Court. (ECF 142, 207.) Therefore, the Court concludes that defendant is unlikely to abide by any conditions of release, nor is there any combination of conditions that will assure that Ms. Cloud will not flee if released again pending sentencing. 18 U.S.C. § 3148(b)(2).

As an additional ground for detention, the Court finds that because Ms. Cloud has pleaded guilty to a drug offense under 21 U.S.C. § 841(a)(1), (b)(1)(A) the mandatory detention provisions of 18 U.S.C. § 3143(a)(2) apply. At the December 17 hearing, AUSA Nelson stated that there are no longer exceptional reasons why Ms. Cloud should not be subject to mandatory detention, especially in light of her previously absconding from conditional release following her plea hearing. The Court agrees.

Finally, the Court notes that Ms. Cloud has an active warrant for failure to appear in a felony drug case involving methamphetamine out of Edmunds County, South Dakota. South Dakota authorities have advised Pretrial Services that a detainer for this warrant is being pursued with the U.S. Marshals Service. This warrant appears to have been active since 2016, the authorities in South Dakota have previously declined to have Ms. Cloud extradited to South Dakota to face these charges, and there is no detainer on file as of the writing of this Order. The Court therefore bases its decision to revoke Ms. Cloud's release entirely on the violations before the Court (and as to which Ms. Cloud waived her right to a contested hearing) and on the fact that there are no longer extraordinary circumstances

justifying release notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143(a)(2).

For the reasons stated herein, the Court finds that Ms. Cloud violated her conditional release; revokes her conditional release; and grants the government's motion for detention pending sentencing. Therefore,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of Leslie Marie Cloud is granted and she is committed to the custody of the Attorney General pending her sentencing in this case;

2. Ms. Cloud shall be afforded reasonable opportunity to consult privately with her lawyer; and

3. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Ms. Cloud is confined shall deliver her to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: December 17, 2021            __s/ John F. Docherty_____
                                    Honorable John F. Docherty
                                    United States Magistrate Judge